**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **AMERRISQUE TABLADA,** )<br>  )<br>PLAINTIFF, )<br>  )<br>v. )<br>  )<br>**ROCKET MORTGAGE; SEVEN DEUCE,** )<br>**LLC; AND GINNIE MAE II,** )<br>  )<br>DEFENDANTS. ) | Civil Action No. 1:25-CV-00284 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION FOR TEMPORARY RESTRAINING ORDER**

The Defendant, Rocket Mortgage, LLC, objects to the Plaintiff, Amerrisque Tablada's, Motion for Temporary Restraining Order because Mr. Tablada has not met his burden to show a reasonable likelihood of success on the merits to support his claim for breach of contract or that recording the foreclosure deed for a sale that occurred January 24, 2025 will cause him irreparable harm.

**STANDARD OF REVIEW**

In deciding on a motion for temporary restraining order, the hearing justice must weigh the following factors: "(1) that plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction." (*Planned Parenthood League of Mass. V. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981).

**ARGUMENT**

Mr. Tablada has not established a reasonable likelihood of success on the merits for any of the conclusory claims for breach of contract because (1) the mortgage does not contain any

contractual provision that requires compliance with the Secretary of Housing and Urban Development's (HUD) federal regulations; (2) there are no plausible facts alleged by Mr. Tablada that would infer noncompliance with the statute governing nonjudicial foreclosure by statutory power of sale, pursuant to R.I.G.L. § 34-27-4; (3) there are no plausible facts alleged by Mr. Tablada that would infer noncompliance with the notice provisions contained in the mortgage contract. Lastly, Tablada has not provided any plausible evidence that the recording of the foreclosure deed would cause irreparable harm because the foreclosure sale took place approximately five months ago.

1. **<u>Mr. Tablada has not met his burden of proof to establish a reasonable likelihood of success on the merits of proving breach of contract because the Mortgage does not contain any contractual provision that requires compliance with HUD federal regulations.</u>**

Even assuming, *arguendo*, that the HUD regulations apply to Rocket Mortgage, Tablada has no standing to challenge the Mortgage on this basis unless the terms of the Mortgage so provide. (*See Dan-Harry v. PNC Bank, N.A.*, C.A. No. 17-136 WES, 2018 WL 1083581 (D.R.I. Feb. 27, 2018)). Here, the Mortgage is distinguishable from the standard HUD mortgage referenced in *Dan-Harry* because it does not contain the express contractual provision that "unambiguously requires compliance with the HUD regulations, including 24 C.F.R. § 203.604(b), as a condition precedent to foreclosure. (*See id.*, at *1; compare with* ECF 5-3 at 14, ¶ 22). Without an express contractual provision similar to the paragraph 9(d) of the standard FHA mortgage, this Court should apply the holding in *Miller v. Wells Fargo Bank, N.A.*, 160 A.3d 975 (R.I. 2017). In *Miller*, the Rhode Island Supreme Court held that there is no state-law cause of action for breach of a duty of good faith based on a mortgagee's failure to comply with federal regulations or to offer a loan modification. (*Id.* at 980-81). Thus, Tablada has not met his

burden to establish a reasonable likelihood of success on the merits for his breach of contract claim.

2. **Mr. Tablada has not met his burden of proof to establish a reasonable likelihood of success on the merits of proving breach of contract because he alleges no plausible facts that would infer noncompliance with the statute governing nonjudicial foreclosure by statutory power of sale, pursuant to R.I.G.L. § 34-27-4.**

Rhode Island General Laws § 34-27-4(b) requires that notice of sale to an individual consumer mortgagor be mailed within thirty days "by certified mail return receipt requested at the address of the real estate and, if different, at the mortgagor's address listed with the tax assessor's office …" Subsection (a) of the statute also provides that notice of the sale be published for three successive weeks prior to the sale, with the first publication being at least 21 days prior to the sale, and the third publication being no fewer than 7 days prior to the sale but no more than 14 days prior to the sale. Here, Mr. Tablada does not allege any plausible facts that would suggest that the notice of sale was mailed later than November 27th, which was 36 days prior to the first publication that ran on January 2, 2025 in compliance with subsection (b). Publications ran two additional weeks, January 9 and 16, leading up to the public auction sale held on January 24, 2025, which was eight days prior to the sale demonstrating compliance with subsection (a). Likewise, Tablada does not allege any plausible facts that the publications were outside of the timelines provided in subsection (a) of the statute. Although, he claims the notice of sale was mailed by certified mail, electronic return receipt requested, Tablada has not presented any plausible facts that would show that this method of mailing is somehow inconsistent with the statutory language. As a result, Tablada has not met his burden to establish a reasonable likelihood of success on the merits for his breach of contract claim.

3. **Mr. Tablada has not met his burden of proof to establish a reasonable likelihood of success on the merits of proving breach of contract because he alleges no plausible facts**

**that would infer noncompliance with the notice provisions contained in the mortgage contract.**

The Rhode Island Supreme Court has held that "[a]s a matter of contract law, strict compliance with the requirements contained in paragraph 22 is a condition precedent to acceleration and a valid foreclosure sale." (*Woel v. Christiana Tr., as Tr. for Stanwich Mortg. Loan Tr. Series 2017-17*, 228 A.3d 339, 345 (R.I. 2020)). More recently, in *Degasparre v. Fay Servicing, LLC*, the Supreme Court distinguished a valid notice in strict compliance with paragraph 22 from the invalid notice in *Woel*. (288 A.3d 146, 153-54 (R.I. 2023)). Here, the Default Notice mirrors the contractual language contained in paragraph 22 of the Mortgage, including the right to reinstate after acceleration and the right to bring a court action. (*See* ECF 1-5). The Default Notice states that (a) the loan is in default for failure to pay amounts due, (b) to cure the default a payment of $8,411.30 must be made, (c) by October 11, 2024, and (d) failure to cure the default may result in acceleration of the sums secured by the Security Instrument and sale of the property. (*See id.*).

Neither does Tablada's conclusory claim that "additional charges, other than the monthly payment due, are only permitted to be demanded in order to reinstate the mortgage after acceleration[]" have any legal significance because they are authorized by the Mortgage contract. (*See U.S. Bank Nat'l Assn as Tr. for Residential Asset Securities Corp. v. Torres*, 559 F.Supp.3d 62, 66 (D.R.I. Sept 13, 2021); *Mot. for Temporary Restraining Order*, ¶ 84). Indeed, "[t]he holding of *Woel* \*\*\* is limited to finding a Default Notice invalid because it failed to explicitly include a "right to reinstate." (*Torres*, 559 F.Supp.3d at 66). In the Mortgage, Tablada agreed to "pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note." (*See* ECF 5-3 at 4, ¶ 1). The Mortgage further requires Tablada to "pay funds for Escrow Items pursuant to Section 3." (*See id.*, at 5, ¶ 3). The event of default also triggers Paragraph 9 of the Mortgage, which Plaintiff "may do and pay for whatever

is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument." (*See id.*, at 8, ¶ 9). This includes property inspection, preservation, and valuation fees, and "paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument." (*See id.*) These amounts "shall become additional debt of Borrower secured by this Security Instrument," and "shall be payable, with such interest, upon notice from Lender to Borrower requesting payment." (*See id.*, at 9, ¶ 9). Therefore, Tablada's has not met his burden to establish a reasonable likelihood of success on the merits for his breach of contract claim.

4. **Tablada has not provided any plausible evidence that the recording of the foreclosure deed would cause irreparable harm because the foreclosure sale took place approximately five months ago**.

    The foreclosure sale was conducted on January 24, 2025, so there is no irreparable harm to Tablada. Rhode Island follows the so-called gavel rule, which cuts off a borrower's right to redeem the mortgage when the property is sold at foreclosure auction. (*See In re Medaglia*, 402 B.R. 530, 532-533 (Bankr. DRI 2009); *see also* R.I. Gen. Laws § 34-11-22 (2008) ("... which sale or sales . . . shall forever be a perpetual bar against the mortgagor."); *Holden v. Salvadore*, 964 A.2d 508, 516 (R.I. 2009) (the defendant lacked the power to prevent or postpone the foreclosure sale because the sale had already taken place)). Here, Tablada's equity of redemption was perpetually foreclosed when the Property was sold at the public auction on January 24, 2025. (*See Id.*). Therefore, Tablada cannot prove that he will suffer irreparable harm because his equity of redemption is forever extinguished.

    **WHEREFORE,** Rocket Mortgage requests that this Court deny Plaintiff's Motion for Temporary Restraining Order and dismiss Plaintiff's Complaint for Failure to State a Claim, pursuant to Rule 12(b)(6).

Respectfully submitted by,
DEFENDANT,
Rocket Mortgage, LLC,
By their Attorneys,

*/s/ Rowdy M. Cloud*
Rowdy M. Cloud, Esq. (#9383)
Broc and Scott, PLLC
23 Messenger Street, Second Floor
Plainville, MA 02762
Tel: (508) 379-4516
Email: rowdy.cloud@brockandscott.com

Dated: June 18, 2025

## CERTIFICATE OF SERVICE

I hereby certify that, on the 18th day of June 2025, I caused a copy of the foregoing document to be filed and served via the ECF system on the parties registered to receive electronic service in this matter. I further certify that a copy of said document to be served via electronic mail to:

John B. Ennis
Jbelaw75@gmail.com

The document electronically filed is available for viewing and/or downloading form the ECF system.

*/s/ Rowdy M. Cloud*
Rowdy M. Cloud, Esq. (#9383)