# EXHIBIT B



PRIORITY MAIL
Apr 04 2025
Mailed from ZIP 02920
PRIORITY MAIL
ZONE 4 FLAT-RATE ENV
11923275
Commercial

063S0011485635

9405 5118 9876 5442 0176 04

USPS TRACKING #

## USPS PRIORITY MAIL ®

John B. Ennis Esq.
1200 Reservoir Avenue
Cranston RI 02920

B035

SHIP TO:
   Rocket Mortgage, LLC.
   P. O. Box 442359
   DETROIT MI 48244

# John B. Ennis

*Attorney at Law*
**1200 Reservoir Avenue**
Cranston, Rhode Island 02920

**Tel. (401) 943-9230**                                 **Fax (401) 679-0035**
April 4, 2025

Rocket Mortgage, LLC.
P.O. Box 442359
Detroit, MI 48244

Client:        Amerrisque M. Tablada
Address: 63 W Shannock Road
Richmond, RI 02875
Loan Number: 3436069258

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing. Under these amendments, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

The written authority of the clients to my law firm for this Request is attached hereto and incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law.

1

(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).

(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as required by § 1024.34(b).

(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer, which includes, for example, a late fee for a payment that was not late, a charge you imposed for a service that was not provided, a default property-management fee for consumers who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.

(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).

(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.

(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.

(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).

(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).

(11) Any other error relating to the servicing of the consumer's mortgage loan. Please note "servicing" is defined in § 1024.2(b).

**The consumer believes that you have committed error by scheduling and conducting a purported foreclosure sale on January 24, 2025 without strictly complying with the terms of the mortgage. You committed error because this mortgage is an FHA mortgage, which requires strict compliance with the terms of the mortgage and with the HUD regulations. The provisions of the mortgage in relation to declaration of default and acceleration were not complied with by the owner of the note and mortgage. Before any alleged acceleration of the loan was declared, the Lender, or its assignee, was required to comply with the terms of the mortgage. Paragraph 9 of the Plaintiff's Mortgage did not authorize acceleration or foreclosure if not permitted by the Secretary of the**

2

Secretary of Housing and Urban Development. These regulations provide that the mortgagee must have a face-to-face meeting with the mortgagor or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

No such face-to-face meeting occurred nor was attempted nor scheduled with the consumer. This regulation was not complied with by any mortgagee before any alleged acceleration of the loan was declared. In order to accelerate and exercise the statutory power of sale, the mortgagee was required to comply with 24 CFR §203.604, which provides:

203.604 Contact with the mortgagor.

(a) [Reserved]

(b)    The mortgagee must have a face-to-face interview with the mortgagor or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

( emphasis added) If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced, or at least 30 days before assignment is requested if the mortgage is insured on Hawaiian home land pursuant to section 247 or Indian land pursuant to section 248 or if assignment is requested under § 203.350(d) for mortgages authorized by section 203(q) of the National Housing Act.

(c)    A face-to-face meeting is not required if:

(1)    The mortgagor does not reside in the mortgaged property,

(2)    The mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either,

(3)    The mortgagor has clearly indicated that he will not cooperate in the interview,

3

(4)    A repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or

(5)    A reasonable effort to arrange a meeting is unsuccessful.

(d)    A reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either, or it is known that the mortgagor is not residing in the mortgaged property.

(e)    (1) For mortgages insured pursuant to section 248 of the National Housing Act, the provisions of paragraphs (b), (c) and (d) of this section are applicable, except that a face-to-face meeting with the mortgagor is required, and a reasonable effort to arrange such a meeting shall include at least one trip to see the mortgagor at the mortgaged property, notwithstanding that such property is more than 200 miles from the mortgagee, its servicer, or a branch office of either. In addition, the mortgagee must document that it has made at least one telephone call to the mortgagor for the purpose of trying to arrange a face-to-face interview. The mortgagee may appoint an agent to perform its responsibilities under this paragraph.

(2) The mortgagee must also:

(i)    Inform the mortgagor that HUD will make information regarding the status and payment history of the mortgagor's loan available to local credit bureaus and prospective creditors.

(ii)    Inform the mortgagor of other available assistance, if any.

(iii)    Inform the mortgagor of the names and addresses of HUD officials to whom further communications may be addressed.

4

Specifically, the provisions in paragraph 9 of the mortgage were a
condition precedent to the exercise of the power of sale of the mortgage.

The consumers' mortgage incorporated the HUD regulations, which
required a face-to-face meeting before declaration of default and
acceleration.

You committed error because you did not comply with the terms of the
mortgage to exercise the statutory power of sale as indicated above and
the consumer was not provided the opportunity to have a face to face  and
the loan was not accelerate default letter was sent to consumer after a
face to face meeting which  had occurred or which had been scheduled by
and had been rejected by Plaintiff.

You committed error because you never made a visit to the home of the
consumer to solicit him for a  face-to-face meeting with a representative
of them or any other entity acting on their behalf.

You committed error because you never sent the consumers a  default
notice nor acceleration notice after they had been provided a face-to-face
meeting.

Due to this failure to comply with the terms of the mortgage, no entity was
contractually authorized to exercise the statutory power of sale and
foreclose on the consumer's  mortgage.

You also committed error because the purported Notice of Foreclosure
Sale did not strictly comply with the terms of the mortgage and R.I.G.L.
34-27-4 . This purported unsigned notice waws mailed by a mail vendor
for Brock and Scott PLLC, which company has no authority to print or mail
a Notice of Sale on behalf of Rocket Mortgage, LLC.

You also committed because this law firm mailed the purported Notice of
Sale by certified mail electronic receipt instead of certified mail return
receipt requested to save money on the mailing, As a result this sale is
void pursuant to R.I.G.L. 34-27-11 and 34-27-4.

You also committed error because you have never advised the consumer
of all loss mitigation options available pursuant to the regulations of the

5

Secretary of HUD. You sent a notice after a purported Notice of Sale had been mailed suggesting that the consumer fill out a mortgage assistance application. This was an error because under the FHA HUD guidelines, the consumer is not required to fill out a mortgage application to obtain loss mitigation.

You also committed error by not calling the consumer or sending an employee or agent to the consumer's home for a Loss Mitigation Consultation or Face to Face meeting. The HUD guidelines required that you call the consumer each month upon the consumer is in default. You did not call the consumer at any time, contrary to the HUD guidelines.

You also committed and error because the December 2, 2024 notice to the consumer demanding an application in violation of the HUD Regulations requested that the consumer provide an application by January 2, 2025 even though 12 CFR 1024.41 allows you not to consider loss mitigation applications received less then 45 days prior to a foreclosure sale.

You also committed an error by not complying with 12 CFR 1024.41(1), which states

(1) Pre-foreclosure review period. A servicer shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process unless:

(i) A borrower's mortgage loan obligation is more than 120 days delinquent.

The first Notice required by Rhode Island law for a foreclosure was the Notice of Mediation, attached which you mailed to the consumer dated August 22, 2024. At this time the consumer was due for the May 1, 2024 payment and was not 120 days delinquent when you mailed the Notice of Mediation.

You also committed error because the promissory note executed by the consumers has never been endorsed and as a result you cannot declare the note in default and cannot accelerate the note or mortgage.

6

You also committed error because the mortgage was assigned to a Ginnie Mae Pool of loans and Rocket Mortgage is not the actual mortgagee for this FHA loan.

You also committed error because you did not accelerate the mortgage note or mortgage and thus could not foreclose.

You also committed error because under the HUD guidelines the consumer should have been provided a standalone FHA partial claim for the past due mortgage arrearage and should have been notified of that loss mitigation option or any other loss mitigation option to retain his home.

Please correct these errors by rescinding the foreclosure sale, by notifying the purported bidder that the sale has been rescinded, refunding the deposit made by him and by removing all fees and expenses attributable to this purported foreclosure and all previous foreclosures.

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

John B. Ennis

Electronic Delivery Confirmation



**P**

US POSTAGE AND FEES PAID
**PRIORITY MAIL IMI**
Apr 04 2025
Mailed from ZIP 02920
PRIORITY MAIL
ZONE 4 FLAT-RATE ENV
11923275
Commercial          063S0011485635

endicia



9405 5118 9876 5442 0176 04

USPS TRACKING #

## USPS PRIORITY MAIL ®

John B. Ennis Esq.          B035
1200 Reservoir Avenue
Cranston RI 02920

SHIP TO:

Rocket Mortgage, LLC.
P. O. Box 442359
DETROIT MI 48244

| | |
|---|---|
| Reference | Tablada Rocket NOE Sale rescind |
| USPS # | 9405511898765442017604 |
| USPS Mail Class | Priority Mail |
| USPS Status | Your item has been delivered and is available at a PO Box at 9:53 am on April 9, 2025 in DETROIT, MI 48244. |
| USPS History | Arrived at USPS Regional Facility, April 7, 2025, 4:08 pm, DETROIT MI DISTRIBUTION CENTER |
| | Departed USPS Regional Facility, 04/07/2025, 3:36 pm, DETROIT MI DISTRIBUTION CENTER |
| | Arrived at USPS Regional Facility, April 7, 2025, 11:35 am, DETROIT MI DISTRIBUTION CENTER |
| | Departed USPS Regional Facility, 04/07/2025, 6:15 am, WARRENDALE PA DISTRIBUTION CENTER |
| | Arrived at USPS Regional Facility, April 6, 2025, 3:25 pm, WARRENDALE PA DISTRIBUTION CENTER |
| | In Transit to Next Facility, 04/06/2025, 12:08 pm |
| | In Transit to Next Facility, 04/06/2025, 8:38 am |

**Electronic Delivery Confirmation Report © 2025 Certified Mail Envelopes, Inc. All rights reserved.**
The data collected for this mail label was authored and reported by The United States Postal Service USPS. Copies are available from your Post Office or online at www.USPS.com.  USPS Certified Mail™ is a registered trademark of The United States Postal Service. All rights reserved.
**Report Design Copyright 2025** Certified Mail Envelopes, Inc.  www.Certified-Mail-Labels.com www.Certified-Mail-Envelopes.com
**Date Verified: 04/10/2025 00:31:33 (UTC)**

Departed USPS Regional Facility, 04/06/2025, 5:10 am, SPRINGFIELD

Arrived at USPS Regional Origin Facility, 04/06/2025, 12:40 am,
SPRINGFIELD MA DISTRIBUTION CENTER

USPS in possession of item, April 4, 2025, 4:48 pm, CRANSTON, RI
02920

Shipping Label Created, USPS Awaiting Item, 04/04/2025, 3:23 pm,
CRANSTON, RI 02920

**Electronic Delivery Confirmation Report © 2025 Certified Mail Envelopes, Inc. All rights reserved.**
The data collected for this mail label was authored and reported by The United States Postal Service USPS. Copies are available from your Post
Office or online at www.USPS.com.  USPS Certified Mail™ is a registered trademark of The United States Postal Service. All rights reserved.
**Report Design Copyright 2025** Certified Mail Envelopes, Inc.  www.Certified-Mail-Labels.com www.Certified-Mail-Envelopes.com
**Date Verified: 04/10/2025 00:31:33 (UTC)**

# USPS Tracking®

FAQs >

**Tracking Number:**

Remove ✕

## 9405511898765442017604

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

**Latest Update**

Your item has been delivered and is available at a PO Box at 9:53 am on April 9, 2025 in DETROIT, MI 48244.

**Get More Out of USPS Tracking:**

   **USPS Tracking Plus®**

**Delivered**
**Delivered, PO Box**
DETROIT, MI 48244
April 9, 2025, 9:53 am

**Arrived at USPS Regional Facility**
DETROIT MI DISTRIBUTION CENTER
April 7, 2025, 4:08 pm

**Departed USPS Regional Facility**
DETROIT MI DISTRIBUTION CENTER
April 7, 2025, 3:36 pm

**Arrived at USPS Regional Facility**
DETROIT MI DISTRIBUTION CENTER
April 7, 2025, 11:35 am

**Departed USPS Regional Facility**
WARRENDALE PA DISTRIBUTION CENTER
April 7, 2025, 6:15 am

**Arrived at USPS Regional Facility**
WARRENDALE PA DISTRIBUTION CENTER
April 6, 2025, 3:25 pm

**In Transit to Next Facility**
April 6, 2025, 12:08 pm

**In Transit to Next Facility**
April 6, 2025, 8:38 am

**Departed USPS Regional Facility**
SPRINGFIELD MA DISTRIBUTION CENTER

Feedback

April 6, 2025, 5:10 am

**Arrived at USPS Regional Origin Facility**
SPRINGFIELD MA DISTRIBUTION CENTER
April 6, 2025, 12:40 am

**USPS in possession of item**
CRANSTON, RI 02920
April 4, 2025, 4:48 pm

**Shipping Label Created, USPS Awaiting Item**
CRANSTON, RI 02920
April 4, 2025, 3:23 pm

Hide Tracking History

What Do USPS Tracking Statuses Mean? **(https://faq.usps.com/s/article/Where-is-my-package)**

| Text & Email Updates | ⌄ |
|---|---|

| USPS Tracking Plus® | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs