**Mortgagee Letter 2024-02 (HUDML), 2024 WL 734495**

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

WASHINGTON, DC 20410-8000

**ASSISTANT SECRETARY FOR HOUSING-FEDERAL HOUSING COMMISSIONER**

Payment Supplement

**February 21, 2024**

**To: All FHA-Approved Mortgagees**

**All Direct Endorsement Underwriters**

**All Eligible Submission Sources for Condominium Project Approvals**

**All FHA Roster Appraisers**

**All FHA-Approved 203(k) Consultants**

**All HUD-Certified Housing Counselors**

**All HUD-Approved Nonprofit Organizations**

**All Governmental Entity Participants**

**All Real Estate Brokers**

**All Closing Agents**

Subject Payment Supplement

## Purpose

 **\*1**  This Mortgagee Letter (ML) establishes the Payment Supplement loss mitigation option.

## Effective Date

The provisions of this ML may be implemented starting May 1, 2024, and must be implemented no later than January 1, 2025.

All updates will be incorporated into a forthcoming update of the HUD Handbook 4000.1, *FHA Single Family Housing Policy Handbook* (Handbook 4000.1).

## Affected Programs

The provisions of this ML apply to all FHA Title II Single Family forward mortgage programs.

## Background

The current COVID-19 Recovery Loss Mitigation Options (COVID-19 Recovery Options) have proven to be very successful in helping delinquent Borrowers bring their Mortgages current and, for Borrowers who cannot afford to resume their previous Mortgage Payments, in providing significant payment reduction. Since March 2020, Mortgagees have provided nearly 1.9 million COVID-19 loss mitigation actions to Borrowers. On January 30, 2023, HUD extended and expanded its COVID-19 Loss Mitigation Options. While these options have been very effective, interest rates have risen to levels significantly higher than the interest rates of many of the Mortgages in FHA's portfolio, impacting the ability of Mortgagees to meaningfully assist Borrowers who cannot afford to resume their regular monthly payments. In light of these conditions, HUD has evaluated additional options for Mortgagees to further assist Borrowers and reduce losses to HUD's Mutual Mortgage Insurance Fund (MMIF).

To that end, this ML establishes a new loss mitigation option, the Payment Supplement, which will combine a standalone Partial Claim to bring the Mortgage current with a new Monthly Principal Reduction (MoPR) payment. This will temporarily reduce the Borrower's monthly Mortgage Payment for a period of three years, without requiring the Mortgage to be modified. After the Payment Supplement Period ends, the Borrower will be responsible for resuming payment of the full monthly Principal and Interest (P&I) amount. HUD intends to make the Payment Supplement a permanent part of FHA's loss mitigation options and will incorporate language to do so in a future ML or as an update to Handbook 4000.1. HUD also understands that the Payment Supplement may create payment shock for Borrowers at the end of the Payment Supplement Period. HUD intends to assess this issue on an ongoing basis as Borrowers begin to reach the end of their Payment Supplement Period to help inform future updates to FHA loss mitigation.

**\*2** The Payment Supplement relies on HUD's statutory Partial Claim authority under Section 230 of the National Housing Act. HUD's statutory authority to pay a Partial Claim allows for Partial Claim funds to be applied first to any arrearage and then to make payments to the principal due under the Mortgage. As a result, Borrowers receiving a Payment Supplement will have Partial Claim funds applied to their arrearage in the same manner as the standalone Partial Claim and then receive a MoPR to cover a portion of the principal due with the Borrower's monthly Mortgage Payment (which is not currently permitted in connection with a standalone Partial Claim) for a period of three years. The Payment Supplement will be funded by FHA's MMIF and evidenced by a zero-interest Note and subordinate Mortgage, along with a Payment Supplement Agreement, which is a rider to and incorporated by reference into the Payment Supplement promissory Note, given in favor of the Secretary (similar to current documentation for Partial Claims). This Note and subordinate Mortgage do not require repayment until maturity of the Mortgage, sale or transfer of the Property, payoff of the Mortgage, or termination of FHA insurance on the Mortgage.

This ML also extends the COVID-19 Recovery Options through April 30, 2025. Mortgagees are reminded that, for the COVID-19 Recovery Modifications, they must comply with the Government National Mortgage Association's (Ginnie Mae) mortgage-backed securities requirement that loans must be 90 or more Days Delinquent before they can be bought out of a Ginnie Mae pool.

## Summary of Changes

This ML:
• updates Laws and Requirements Applicable to Mortgage Servicing (III.A.1.a.ii(A));

• updates Responsibility during Transfers of Servicing Rights - Standard (III.A.1.b.i(B));

• updates Single Family Default Monitoring System Default Reporting - Types of Mortgages to Report (III.A.2.h.ii(B)(1));

• updates HUD's Loss Mitigation Program - Definitions (III.A.2.j.i);

• updates FHA-HAMP - Eligibility (III.A.2.k.v(B));

• updates Borrowers Impacted by a PDMDA during COVID-19 (III.A.2.n.iv(A));

• updates COVID-19 Advance Loan Modification - Standard (III.A.2.o.ii(C));

• updates COVID-19 Recovery Loss Mitigation Options - Standard (III.A.2.o.iii(B));

• updates Incentives for COVID-19 Recovery Options (III.A.2.o.iii(B)(3));

• updates COVID-19 Recovery Modification - Standard - Step 7 (III.A.2.o.iii(C)(2)(c));

• adds Payment Supplement (III.A.2.o.iii(C)(3)); and

• updates the Claim Types section by adding Claim Type 33 - Payment Supplement (IV.A.2.l).


**FHA Single Family Housing Policy Handbook 4000.1**

**Servicing and Loss Mitigation**

The policy changes will be incorporated into Handbook 4000.1 as follows:

**Servicing Roles and Responsibilities - Standard (III.A.1.a.ii)**


**(A) Laws and Requirements Applicable to Mortgage Servicing**

Mortgagees must comply with all laws, rules, and requirements applicable to mortgage servicing, including full compliance with the applicable requirements under the purview of the Consumer Financial Protection Bureau (CFPB), including the Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA) and, if applicable, Ginnie Mae's mortgage-backed securities requirements.

**\*3** FHA requirements that are more stringent or restrictive than those provided for in applicable law are set forth in this Handbook 4000.1 and the Mortgagee must comply with these requirements.

**Responsibility during Transfers of Servicing Rights (III.A.1.b.i)**

**(B) Standard**

The Transferor Servicing Mortgagee remains responsible for the servicing of an FHA-insured Mortgage until the Transfer Date. The Transferor Servicing Mortgagee must verify that the change of legal rights to service has been reported accurately.

On the Transfer Date, the Transferee Servicing Mortgagee assumes responsibility for:
• all servicing actions, including:

ensuring resolution of any servicing errors that were, and remain, the responsibility of the Transferor Servicing Mortgagee;


where applicable, reporting the Delinquency/Default Status (DDS) Codes in HUD's Single Family Default Monitoring System (SFDMS);

• obtaining the complete mortgage file, including origination and servicing records; and

• ensuring that the original Mortgages, mortgage Notes, or deeds of trust are preserved.

The Transferee Servicing Mortgagee must also ensure transfer of any outstanding Payment Supplement Account and associated servicing records. Where applicable, on the Transfer Date, the Transferee Servicing Mortgagee assumes responsibility for:
• all servicing actions associated with the Payment Supplement, including but not limited to:

accounting of funds held in the Payment Supplement Account related to a Borrower's Payment Supplement; and

administration of the Borrower's Payment Supplement;

• obtaining the complete files relating to the Payment Supplement; and

•obtaining any outstanding funds in the Payment Supplement Account.


**Single Family Default Monitoring System Default Reporting - Standard (III.A.2.h.ii(B))**

**(1) Types of Mortgages to Report**

Each month, the Mortgagee must report Default servicing activities for all Mortgages that are 30, 60, and 90 Days or more in Default and all Mortgages in a Payment Supplement Period, as of the last Day of the month.

The Mortgagee must report the status of four classes of Mortgages each month:
• New Delinquencies: The Mortgagee must report Defaulted accounts when one full installment is due and unpaid (30 Days Delinquent - Status Code 42) and must continue reporting the applicable Status Code until the Default is resolved.

• Open Delinquencies: The Mortgagee must continue to report a Status Code 42 until a servicing action has been initiated/ approved and/or completed, which would warrant a Status Code change.

• Delinquencies Resolved During the Cycle Month: The Mortgagee must report the appropriate Status Code to reflect that the delinquency has been addressed.

• Mortgages Receiving a Payment Supplement: The Mortgagee must report Status Code 51 with the applicable oldest unpaid installment date and additional Status Codes as applicable.


**HUD's Loss Mitigation Program (III.A.2.j)**

**\*4  i. Definitions**

HUD's Loss Mitigation Options are intended to minimize economic impact to the MMIF and to avoid foreclosure, when possible. The Loss Mitigation Options are:
• Informal or Formal Forbearance

• Special Forbearance (SFB)-Unemployment

• FHA-Home Affordable Modification Program (FHA-HAMP) Loan Modification, FHA-HAMP Standalone Partial Claim, and FHA- HAMP Combination Loan Modification/Partial Claim

All FHA-HAMP Options are temporarily suspended and must not be offered through April 30, 2025 , except for <u>Non-Borrowers Who Acquired Title through an Exempted Transfer</u>(III.A.2.j.ii(A)(4)(b)). Mortgagees must evaluate all other Borrowers for the <u>COVID-19 Recovery Home Retention Options</u> (III.A.2.o.iii(C)).

• Pre-Foreclosure Sale (PFS)

Standard PFS is temporarily suspended and must not be offered through April 30, 2025, except for <u>Non-Borrowers Who Acquired Title through an Exempted Transfer</u> (III.A.2.j.ii(A)(4)(b)). Mortgagees must evaluate all other eligible Borrowers for the <u>COVID-19 PFS (III.A.2.o.iii(D)(1)).</u>

• Deed-in-Lieu (DIL) of Foreclosure

Standard DIL is temporarily suspended and must not be offered through April 30, 2025<u>, except for </u>Non-Borrowers Who Acquired Title through an Exempted Transfer <u>(III.A.2.j.ii(A)(4)(b)). Mortgagees must evaluate all other eligible Borrowers for the </u>COVID-19 DIL (III.A.2.o.iii(D)(2)).

For Borrowers affected by a non-COVID-19 Presidentially-Declared Major Disaster Area (PDMDA) or a COVID-19 PDMDA and National Emergency, the Mortgagee must comply with the Loss Mitigation requirements in <u>Loss Mitigation for Borrowers in PDMDAs (III.A.2.n.iv(A)).</u>

**FHA-HAMP (III.A.2.k.v)**
**(B) Eligibility**

All FHA-HAMP Options are temporarily suspended and must not be offered through April 30, 2025 , except for <u>Non-Borrowers Who Acquired Title through an Exempted Transfer</u> (III.A.2.j.ii(A)(4)(b)). Mortgagees must evaluate all other Borrowers for the <u>COVID-19 Recovery Home Retention Options</u> (III.A.2.o.iii(C)).

**Loss Mitigation for Borrowers in PDMDAs (III.A.2.n.iv)**
**(A) Borrowers Impacted by a PDMDA during COVID-19**

For Borrowers impacted by a PDMDA through April 30, 2025:
• For Borrowers who are currently being evaluated for a COVID-19 Loss Mitigation Option, before the date of a new PDMDA disaster declaration, the Mortgagee must continue to follow the COVID-19 Loss Mitigation guidance.

• For all other Borrowers, the Mortgagee must evaluate the Borrower for <u>Forbearance Options for Borrowers in PDMDAs</u> (III.A.2.n.iv(C)) and then evaluate the Borrower for the <u>COVID-19 Recovery Home Retention Options</u> (III.A.2.o.iii(C)), regardless of the reported reason for default.

For any buildings in a PDMDA that are substantially damaged, Mortgagees must follow the PDMDA guidance in <u>Monitoring of Repairs to Substantially Damaged Homes</u> (III.A.2.n.iii). This requirement applies to all Properties covered by a non-COVID-19 PDMDA, including those already under a COVID-19 Loss Mitigation Option.

**\*5  COVID-19 Advance Loan Modification (Pre-Waterfall Step) (III.A.2.o.ii)**

**(C)Standard**

Mortgagees must review Borrowers who are 90 or more Days delinquent for a COVID-19 ALM through April 30, 2025.

If the Borrower is eligible, the Mortgagee must:
• prepare and send out the Loan Modification documents to the Borrower; and

• provide a cover letter that includes:

an explanation of terms including the modified Mortgage Payment amount;

the date the next payment is due;

a statement that no lump sum payment is required;

a statement that if the Borrower does not accept this offer, this does not prevent them from obtaining another loss mitigation option to bring their Mortgage current;

a statement that the Borrower must sign and return the Loan Modification documents within 30 Days of receipt of the documents and no later than May 30, 2025; and

information for the Borrower to contact the Mortgagee, if needed.

The Mortgagee does not have to contact the Borrower prior to reviewing the Borrower for the COVID-19 ALM or sending out the modification documents.

Borrowers who do not qualify for the COVID-19 ALM or who do not complete and return the signed COVID-19 ALM Loan Modification documents must be evaluated for the COVID-19 Recovery Options.

**COVID-19 Recovery Loss Mitigation Options (III.A.2.o.iii)**

**(B) Standard**

The Mortgagee must review eligible Borrowers for the COVID-19 Recovery Options through April 30, 2025. Eligible Borrowers may receive more than one COVID-19 Recovery Option.

Non-Borrowers Who Acquired Title through an Exempted Transfer(III.A.2.j.ii(A)(4)(b)) are not eligible for the COVID-19 Recovery Options and must be evaluated for FHA's standard Loss Mitigation Options (III.A.2.j).

For eligible Borrowers, the Mortgagee must review all Borrowers who are in Default or verified to be in Imminent Default (III.A.2.g), as defined in sections III.A.2.g(i-iii) only, regardless of the reason for Default.

The Mortgagee must adhere to the requirements under Early Default Intervention (III.A.2.h).

The Borrower must be at least three or more full monthly payments due and unpaid (61 Days Delinquent) at the time the permanent loss mitigation documents are approved. The Mortgagee may consider a Borrower who has completed a Trial Payment Plan (TPP) and remains in Default as meeting this requirement.

For Borrowers in Imminent Default:
• the Mortgagee must ensure the Borrower meets the requirements for Imminent Default as defined in sections III.A.2.g(i-iii) only; or

• the Mortgagee may consider that a Borrower has met the requirements for Imminent Default if the Borrower:
previously qualified for or used HAF funds to reinstate their Mortgage; and

attests that they cannot resume their monthly Mortgage Payments.

The Mortgagee may offer Borrowers for the current Default episode an <u>Informal or Formal Forbearance</u> (III.A.2.k.iii) prior to reviewing the Borrower for a COVID-19 Recovery Home Retention Option.

 **6**  For Informal or Formal Forbearance, the Mortgagee may verbally verify the hardship and financial information with the Borrower. An analysis of Borrower financial information is not required, and no additional documentation is required.

If the Borrower's financial hardship is due to unemployment regardless of occupancy status, the Mortgagee must offer the SFB-Unemployment to eligible Borrowers prior to reviewing the Borrower for a COVID-19 Recovery Home Retention Option. The Mortgagee must ensure all requirements for a <u>Special Forbearance-Unemployment</u> (III.A.2.k.iv) are met except for:
• the <u>Defaulted Mortgage Status (III.A.2.k.iv)(B)(1);</u>

• the occupancy requirement, the Mortgagee must consider eligible Non-Occupant Borrowers for the Special Forbearance (SFB)- Unemployment; and

• the Mortgagee may verbally verify the unemployment status, and no additional documentation or analysis of financial information is required.

### COVID-19 Recovery Loss Mitigation Options - Standard (III.A.2.o.iii(B))

**(3) Mortgagee Incentives for COVID-19 Recovery Options**

The Mortgagee may submit a claim for an incentive for the successful completion of a COVID-19 Recovery Option. The Mortgagee may only file a claim for incentives if the correct and complete claim is submitted to HUD within 60 Days of the execution date of the COVID-19 Recovery Option.

| Loss Mitigation Option | Compensation |
| --- | --- |
| COVID-19 Advance Loan Modification (ALM) | $750, plus up to $250 for |
| | reimbursement of title search, |
| | endorsement to the title policy, |

|  |  |
|---|---|
|  | and/or recording fees actually incurred |
| COVID-19 Recovery Standalone Partial Claim | $500 |
| COVID-19 Recovery Modification | $750, plus up to $250 for reimbursement of title search endorsement to the title policy, and/or recording fees actually incurred |
| Payment Supplement | $1,750 |
| COVID-19 PFS | $1,000 |
| COVID-19 DIL | $250 |

**COVID-19 Recovery Home Retention Options (III.A.2.o.iii(C))**

**(2) COVID-19 Recovery Modification**
**(c) Standard**

**Step 7 - Target Payment Not Achieved**

If the Mortgagee cannot achieve the target payment using the above steps, then:
• if the COVID-19 Recovery Modification can achieve a minimum of 15 percent P&I payment reduction, the Mortgagee must offer the Borrower the COVID-19 Recovery Modification; or

• if the COVID-19 Recovery Modification cannot achieve a minimum of 15 percent P&I payment reduction or the Borrower states they cannot make the monthly Mortgage Payment under the COVID-19 Recovery Modification, the Mortgagee must review the Borrower for the Payment Supplement.

If the Borrower affirms that they can make the offered payment, the Mortgagee must complete that option.

**COVID-19 Recovery Home Retention Options (III.A.2.o.iii(C))**

**(3) Payment Supplement**

**\*7  (a) Definitions**

The Payment Supplement is a loss mitigation option that utilizes Partial Claim funds to bring the Mortgage current coupled with the subsequent provision of a Monthly Principal Reduction (MoPR) applied toward the Borrower's principal due each month for a period of 36 months to provide payment relief without modification of the Mortgage. The Payment Supplement is evidenced by a non-interest bearing Note, Subordinate Mortgage, and Payment Supplement Agreement, which is a rider to and is incorporated by reference into the Payment Supplement promissory Note, given in favor of the Secretary, representing the total of all funds paid from the Mutual Mortgage Insurance Fund (MMIF) to bring the Mortgage current and then temporarily pay a portion of principal owed by the Borrower each month to reduce the Borrower's monthly Mortgage Payment.

The Monthly Principal Reduction (MoPR) is the amount of principal reduction that the Mortgagee will disburse monthly from the Payment Supplement Account and apply to the payment of principal due on the Borrower's FHA-insured first Mortgage during the Payment Supplement Period.

The Minimum Monthly Principal Reduction (Minimum MoPR) must be equal to or greater than 5 percent of the P&I portion of the Borrower's monthly Mortgage Payment as of the date the Payment Supplement Period begins. The Minimum MoPR must also be no less than $20.00 per month as of the date the Payment Supplement Period begins.

Payment Supplement Documents refer to a non-interest bearing Note, Subordinate Mortgage, and a Payment Supplement Agreement, which is a rider to and is incorporated by reference into the Payment Supplement promissory Note, given in favor of the Secretary.

The Payment Supplement Period is a 36 month period during which the Mortgagee applies the MoPR to temporarily reduce the Borrower's monthly Mortgage Payment.

The Payment Supplement Account is a separate, non-interest bearing, insured custodial account that holds the balance of the funds paid by FHA for the purpose of implementing the Payment Supplement, clearly marked as holding funds for the Payment Supplement, and kept separate from funds associated with the FHA-insured Mortgage, including escrow funds.

**(b)Eligibility**

The Mortgagee must ensure that:
• the Mortgage is a fixed rate Mortgage;

• sufficient Partial Claim funds are available to bring the Mortgage current and to fund the MoPR as determined in the Payment Supplement Calculations;

• the Borrower meets the requirements for Loss Mitigation during Bankruptcy Proceedings (III.A.2.i.viii);

• the principal portion of the Borrower's first monthly Mortgage Payment after the Mortgage is brought current will be greater than or equal to the Minimum MoPR; and

• the Borrower indicates they have the ability to make the Borrower's portion of the monthly Mortgage Payment.


No income documentation is required to determine the Borrower's Payment Supplement.

 **\*8**  The Borrower is not eligible for a new Payment Supplement until 36 months after the date the Borrower previously executed Payment Supplement Documents.
**(C)Standard**

The Mortgagee must first advance funds for all amounts needed to bring the Mortgage current.

The maximum MoPR is the lesser of a 25 percent P&I reduction for 36 months, or the principal portion of the monthly Mortgage Payment as of the date the Payment Supplement Period begins.

The Mortgagee may only submit one claim for the Payment Supplement. The Mortgagee must submit the claim for the Payment Supplement no later than 60 Days after the date of execution of the Payment Supplement Documents by the Borrower. The claim must include:
• all amounts needed to bring the Mortgage current before the start of the Payment Supplement Period; and

• the total amount required for all estimated MoPR payments for the full Payment Supplement Period.


The Mortgagee must retain the balance of the MoPR funds in the Payment Supplement Account for the benefit of the Borrower until disbursement of the funds:
• for application of the MoPR; or

•for remittance to HUD.


The Payment Supplement Period is 36 months.

For each month of the Payment Supplement Period, the Mortgagee must only disburse funds from the Payment Supplement Account to apply the MoPR to the principal portion of the monthly Mortgage Payment after the Mortgagee has received and accepted, at a minimum, the Borrower's portion of the monthly Mortgage Payment. The Mortgagee must only apply the MoPR during the 36 months of the Payment Supplement Period.

Additional funds received from the Borrower that exceed the minimum portion of the Borrower's required payment do not impact the application of the MoPR. Any additional payment made by the Borrower must not be comingled with the MoPR or funds held in the Payment Supplement Account. The Mortgagee must not recalculate the MoPR during the Payment Supplement Period.

The Mortgagee must not charge the Borrower any additional fees or interest for the Payment Supplement.
**(d)Payment Supplement Calculations**


To calculate the amount of the Partial Claim the Mortgagee submits to HUD for the Payment Supplement, the Mortgagee must follow the steps below.
*(i)*Step 1 - Calculate Partial Claim Availability

The Mortgagee must determine the maximum Partial Claim amount available for the Payment Supplement. The Payment Supplement, in addition to any other existing Partial Claim, must not exceed the Statutory Maximum for Partial Claims (III.A.2.k.v(F)(1)).

The Mortgagee must calculate the statutory maximum for Partial Claims, and then subtract any outstanding Partial Claim balances to determine the amount available for the Payment Supplement.

**(ii)Step 2 - Calculate Amount Required to Reinstate the Mortgage Using a Payment Supplement**

The Mortgagee must calculate the amounts needed to bring the Mortgage current in accordance with <u>COVID-19 Recovery Standalone Partial Claim,</u> as described in the second bullet of Terms (III.A.2.o.iii(C)(1)(a)).

**\*9**  The Mortgagee must waive all Late Charges and penalties, except that Mortgagees are not required to waive Late Charges and penalties, if any, accumulated prior to March 1, 2020.

Mortgagees may include an additional monthly payment in calculating the amount needed to bring the Mortgage current, as the payment will be past due before the Borrower returns the completed Payment Supplement Documents.

**(iii)Step 3 - Calculate Partial Claim Funds Available for MoPR**

The Mortgagee must determine the amount of Partial Claim funds available for the MoPR.

The Mortgagee must subtract the amount needed to bring the Mortgage current (calculated in Step 2) from the Borrower's total Partial Claim funds available (calculated in Step 1).

If the amount needed to bring the Mortgage current (Step 2) is greater than the Borrower's total Partial Claim funds available (calculated in Step 1), the Borrower is not eligible for the Payment Supplement and the Mortgagee must offer the Borrower the lowest monthly P&I payment that can be achieved under the COVID-19 Recovery Modification.

**(iv)Step 4 - Calculate Maximum MoPR**

**Step 4.A**

The Mortgagee must calculate the amount needed to reduce the P&I portion of the Borrower's monthly Mortgage Payment by 25 percent.

**Step 4.B**

The Mortgagee must determine the maximum MoPR.

The maximum MoPR is the lesser of the amount calculated in Step 4.A or the principal portion only of the Borrower's monthly

Mortgage Payment as of the date the Payment Supplement Period begins after the Mortgage is brought current.

**(v)Step 5 - Calculate the MoPR**

**Step 5.A**

The Mortgagee must determine if the amount of Partial Claim funds available for the MoPR (calculated in Step 3) is greater than or equal to the maximum MoPR (calculated in Step 4.B) for 36 months.

• If the Borrower has sufficient Partial Claim funds, the amount of the MoPR is the MoPR (calculated in Step 4.B) for the 36 months of the Payment Supplement Period. Proceed to Step 6.

• If the Borrower does not have sufficient Partial Claim funds for the maximum MoPR for 36 months, the Mortgagee must proceed to Step 5.B.

**Step 5.B**

If the Borrower does not have sufficient Partial Claim funds available for the maximum MoPR for 36 months (calculated in Step 5.A), the Mortgagee must divide the amount of Partial Claim funds available for the MoPR (calculated in Step 3) by 36 months and proceed to Step 6.

**(vi)Step 6 - Payment Reduction Test**

The Mortgagee must determine if the MoPR will result in no less than the Minimum MoPR for a Payment Supplement Period of 36 months where the MoPR is only applied to the principal.

•If the MoPR (calculated in Step 5) reduces the P&I portion of the Borrower's monthly Mortgage Payment by no less than the Minimum MoPR, the Mortgagee must proceed to Step 7.

•If the MoPR (calculated in Step 5) fails to reduce the P&I portion of the Borrower's monthly Mortgage Payment by the Minimum MoPR, the Borrower is ineligible for the Payment Supplement. The Mortgagee must offer the Borrower the lowest monthly P&I payment that can be achieved under:

 **\*10**  • a COVID-19 Recovery Modification; or

• a COVID-19 Recovery Standalone Partial Claim.

If the Borrower affirms that they can make the offered payment, the Mortgagee must complete that option.

**(vii)Step 7 - Compare Savings with Available Permanent Home Retention Options**

If the MoPR (calculated in Step 5) achieves the Minimum MoPR, the Mortgagee must compare the proposed Borrower's portion of the P&I monthly payment under the Payment Supplement with the Borrower's proposed P&I monthly payment under the COVID-19 Recovery Modification to determine the greater payment reduction.

If the Borrower is able to achieve a lower P&I monthly payment with the COVID-19 Recovery Modification, the Mortgagee must offer the Borrower the COVID-19 Recovery Modification.

If the Borrower is not able to achieve a lower P&I monthly payment utilizing the COVID-19 Recovery Modification, the Mortgagee must offer the Borrower the Payment Supplement.

The Mortgagee must document the Servicing File with the option offered to the Borrower.

**(e) Mortgages with an Interest Rate Buydown and Mortgages Affected by the Servicemember Civil Relief Act**

For Mortgages with an interest rate buydown and Mortgages affected by the Servicemembers Civil Relief Act (SCRA), the Mortgagee must:
• calculate the MoPR based on the P&I portion of the monthly Mortgage Payment as of the date the Payment Supplement Period begins:

• based on the Note rate of the Mortgage without the temporary interest rate buydown, if applicable; and

• based on the Note rate of the Mortgage without the SCRA protection, if applicable;

• ensure the MoPR does not exceed the principal portion of the monthly Mortgage Payment;

• ensure the MoPR does not change during the Payment Supplement Period; and

• ensure the Payment Supplement Period remains 36 months.

**(f) Payment Supplement Documents**

**(i) Standard**

The Mortgagee must prepare the Payment Supplement Documents using HUD's model Payment Supplement Documents or substantially similar documents. The Mortgagee must ensure that:
the Payment Supplement promissory Note and Payment Supplement Agreement are executed in the name of the Secretary;

• all Payment Supplement Documents include the full FHA case number, are legally enforceable, and comply with all applicable laws;

• the Payment Supplement Documents comply with all <u>requirements for Partial Claims as listed under</u> FHA-HAMP Loan Documents <u>(III.A.2.k.v.H) except (1)(a), (5), (6)(a), and (9); and</u>

• the Payment Supplement subordinate Mortgage is recorded.

The Mortgagee must provide the Borrower with the Payment Supplement Documents to be signed.

The Borrower is required to sign and return the Payment Supplement Documents before the Mortgagee brings the Mortgage current and applies the first MoPR.

**(ii) Document Delivery Requirements**

 **\*11**  The Mortgagee must deliver to HUD's Loan Servicing Contractor:
• no later than 60 Days from the execution date, the original Payment Supplement promissory Note and the Payment Supplement Agreement;

• no later than six months from the execution date, the recorded Payment Supplement subordinate Mortgage; and

• with each delivery of Payment Supplement Documents, the Mortgagee must include a cover letter or manifest with the FHA case number for the documents that are being delivered.

The Mortgagee is automatically granted a 90-Day extension to the six-month deadline for the recorded Mortgage.

Mortgagees may file requests for an additional extension in <u>accordance with</u> Requests for Extensions of Time for Delivery of Partial Claim Documents <u>(III.A.2.k.v(H)(7)) if a Mortgagee experiences additional delays out of their control, including past the automatic 90-Day extension for the recorded Mortgage.</u>

**(g) Payment Supplement Account**

Subject Payment Supplement, Mortgagee Letter 2024-02 (2024)

*(i) Standard*

The Mortgagee must segregate the funds paid by FHA for the MoPR in the Payment Supplement Account. The Payment Supplement Account must:

• be deposited with a financial institution whose accounts are insured by the Federal Deposit Insurance Corporation (FDIC) or the National Credit Union Administration (NCUA);

• not limit the Mortgagee's access to funds for the MoPR, require an advance notice of withdrawal, or require the payment of a withdrawal penalty;

• clearly identify the funds being held in that account as being derived from and held as part of the Payment Supplement Documents executed by the Borrower as part of the Payment Supplement loss mitigation action being undertaken by the Mortgagee; and

• ensure that the funds in the Payment Supplement Account are not comingled with any funds held in accounts restricted by agreements with Ginnie Mae.

Neither the Mortgagee nor the Borrower has any discretion in the use and application of the funds from the Payment Supplement.

Mortgagees utilizing a Trust Clearing Account must withdraw the portion that is to be deposited into the Payment Supplement Account within 48 hours of receiving the Payment Supplement funds from HUD.

Mortgagees are not prohibited from holding MoPR funds for multiple Mortgages in a single account for implementing the Payment Supplement; however, the Mortgagee must not commingle funds in the Payment Supplement Account, even temporarily, with any funds held in accounts restricted by agreements with Ginnie Mae, escrow funds, or funds used for the Mortgagee's general operating purposes or any other purpose.

If the Borrower enters into bankruptcy during the Payment Supplement Period, the Mortgagee must continue to apply the MoPR unless otherwise required or permitted by law. If so required, the Mortgagee must seek court approval for the Payment Supplement and the Borrower's reaffirmation of the Partial Claim debt. Any additional loss mitigation offered during bankruptcy must be in accordance with <u>Loss Mitigation during Bankruptcy Proceedings</u> (III.A.2.i.viii).

**\*12  *(ii) Interest on Payment Supplement Account***

Neither the Mortgagee nor the Borrower may earn interest on a Payment Supplement Account.

**(h) Required Documentation**

The Mortgagee must retain the following in the Servicing File and the Claim Review File:
• documentation of the amount used to bring the Mortgage current at the start of the Payment Supplement Period;

• documentation of the amount of each MoPR disbursed from the Payment Supplement Account applied to the principal due on the Borrower's monthly Mortgage Payment;

• a copy of the executed Payment Supplement Documents;

• the date the Mortgagee received the executed Payment Supplement Documents from the Borrower and the date the subordinate Mortgage was sent to be recorded; and

• evidence that the subordinate Mortgage was submitted timely for recording.


*(i)* **Disclosures to Borrower**

The Mortgagee must send the Borrower written disclosures annually and between 60 and 90 Days before the expiration of the Payment Supplement Period.

Mortgagees may develop specific disclosure documents or may use or modify FHA's model Annual Payment Supplement Disclosure and Final Payment Supplement Disclosure documents. Mortgagees must ensure that any disclosures comply with all applicable laws.

*(i)* **Annual Payment Supplement Disclosure**


The Mortgagee must send the Borrower a written disclosure annually, at minimum, during the Payment Supplement Period, including:
• information about the Payment Supplement, including:
the amount used to bring the Mortgage current at the start of the Payment Supplement;

the accounting of the MoPR funds disbursed from the Payment Supplement Account and applied each month during the Payment Supplement Period; and

the funds remaining in the Payment Supplement Account;


• the date of expiration of the Payment Supplement Period;

• the total Payment Supplement Note amount;

• the Borrower's current monthly Mortgage Payment without MoPR and an explanation that if escrow amounts change, future payments may increase; and

• a statement that the Borrower may voluntarily terminate the Payment Supplement and resume their full monthly Mortgage Payment without the MoPR and any remaining funds in the Payment Supplement Account will be returned to HUD to reduce the total outstanding Payment Supplement balance associated with the Borrower's Payment Supplement Documents.


The Mortgagee may include the disclosure as part of, or with, a monthly or annual billing statement. The disclosure may be sent electronically.

*(ii)* **Final Disclosure Prior to Expiration of the Payment Supplement**

The Mortgagee must send the Borrower a written disclosure between 60 and 90 Days before the expiration of the Payment Supplement Period, including information about:
• the expiration of the Payment Supplement Period; and

Subject Payment Supplement, Mortgagee Letter 2024-02 (2024)

• the accounting of the Payment Supplement, including:
the total Payment Supplement Note amount;

the amount used to bring the Mortgage current at the start of the Payment Supplement;

the accounting of the MoPR funds disbursed from the Payment Supplement Account and applied each month for the Payment Supplement Period;

if applicable, any funds remaining in the ing in the Payment Supplement Account and a statement that FHA will use these funds to reduce the balance on the amount owed by the Borrower under the Payment Supplement Documents; and

 **\*13**  the Borrower's estimated first monthly Mortgage Payment following the expiration of the Payment Supplement.

### *(j)* Subsequent Default during Payment Supplement Period

If a Borrower is 30 Days or more past due or in Imminent Default during the Payment Supplement Period, the Mortgagee must review the Borrower in accordance with the COVID-19 Recovery Loss Mitigation Options - Standard (III.A.2.o.iii(B). The appropriate action will determine if:
• the MoPR will continue to be applied for the remainder of the Payment Supplement Period without changes to the Payment Supplement Agreement; or

• the Payment Supplement will be terminated.

### *(i)* Mortgage Reinstatement without a Permanent Loss Mitigation Option - MoPR Continues

If the Borrower, without the use of a permanent loss mitigation option, makes their portion of the missed monthly Mortgage Payments, the MoPR must be disbursed from the Payment Supplement Account and then applied to the missed payments as they are made. For these missed payments, the MoPR must be applied only to the principal portion of the missed Mortgage Payment and for the exact amount that would have been applied for an on-time payment, including when the Mortgage is brought current through payments made on a repayment plan or a forbearance plan.

The MoPR must be applied for the remainder of the Payment Supplement Period as the Borrower makes each required payment.

### *(ii)* Mortgage Reinstatement with COVID-19 Recovery Standalone Partial Claim - MoPR Continues

If the Borrower requires a new loss mitigation option to reinstate their Mortgage, the Mortgagee must first evaluate the Borrower for an additional COVID-19 Recovery Standalone Partial Claim to bring the Mortgage current.

A Borrower may receive no more than two COVID-19 Recovery Standalone Partial Claims to reinstate the Mortgage during the Payment Supplement Period.

The Mortgagee must determine the amount of funds needed for the COVID-19 Recovery Standalone Partial Claim by:
• calculating the amount needed to bring the Mortgage current, per the requirements for a COVID-19 Recovery Standalone Partial Claim (III.A.2.o.iii(C)(1)); and

• reducing the amount needed to bring the Mortgage current by the MoPR for each month it was not applied due to missed payments by the Borrower.

If the Borrower has sufficient additional Partial Claim funds available, the Mortgagee must:
  **\*14** • ensure the Borrower attests they can resume their portion of the monthly Mortgage Payment;

• ensure all requirements in accordance with a <u>COVID-19 Recovery Standalone Partial Claim</u> (III.A.2.o.iii(C)(1)) are met; and

• prepare and send the Borrower the documents for a COVID- 19 Recovery Standalone Partial Claim to reinstate the Mortgage.

Upon receipt of the executed COVID-19 Recovery Standalone Partial Claim documents from the Borrower, the Mortgagee must:
• disburse and then apply funds from the Payment Supplement Account to cover the MoPR for each month it was not applied due to missed payments by the Borrower; and

• advance the funds from the COVID-19 Recovery Standalone Partial Claim necessary to reinstate the Mortgage.

For missed payments, the MoPR must be applied only to the principal portion of the missed payment and for the exact amount that would have been applied for an on-time payment. After the Mortgage is reinstated, the Mortgagee must resume applying the MoPR.

The Payment Supplement Period will not be extended beyond the original term set in the Payment Supplement Agreement.

### *(iii)* Mortgage Reinstatement with Other Permanent Loss Mitigation Option - MoPR Terminates

If the Borrower cannot bring the Mortgage current through an additional COVID-19 Recovery Standalone Partial Claim, the Mortgagee must:
• evaluate the Borrower for the available permanent loss mitigation options;

• terminate the Payment Supplement and application of the MoPR upon receipt of the new executed loss mitigation documents;

• send the Borrower documentation that the Payment Supplement has been terminated and a detailed account of how the Payment Supplement funds were applied;

• no later than 30 Days after the date the Payment Supplement was terminated, remit any remaining funds from the Payment Supplement Account <u>to HUD</u> via Pay.gov - Single Family Notes Lender Entry Form; and

• report the termination of the Payment Supplement through SFDMS.

### *(iv)* Mortgage Cannot Be Reinstated - MoPR Terminates

For Borrowers who have not completed the Payment Supplement Period and cannot reinstate their Mortgage, the Mortgagee must ensure the following requirements are met, as applicable.
### *(a)* Pre-Foreclosure Sales

In addition to the requirements for a PFS, the Mortgagee must:
• proceed with the PFS requirements under <u>Pre-Foreclosure Sale</u> (III.A.2.l.ii);

• prior to execution of the Approval to Participate (ATP) agreement (form <u>HUD-90045,</u> Approval to Participate Pre- foreclosure Sale Procedure Property Sales Information Property Occupancy & Maintenance), provide the Borrower with a disclosure statement including:
the Payment Supplement will be terminated upon receipt of the executed ATP and the Mortgagee will not advance funds to cover the MoPR during the PFS marketing period;

the amount of the Partial Claim that was used to bring the Mortgage current at the start of the Payment Supplement Period;

 **15** the total amount of funds that were disbursed from the Payment Supplement Account for MoPR payments; and

the amount of individual MoPR payments and the months for which they were applied;

• terminate the Payment Supplement upon receipt of the executed ATP;

• ensure that no funds remaining in the Payment Supplement Account are returned to the Borrower;

• ensure that the funds remaining in the Payment Supplement Account are not used as a credit to the first Mortgage;

• no later than 30 Days after the date of execution of the ATP, remit all remaining funds in the Payment Supplement <u>Account</u> to HUD via Pay.gov - Single Family Notes Lender Entry Form;

• instruct the Closing Agent to pay off the outstanding amount due under the Payment Supplement Note and other Partial Claims, if any, at closing <u>to HUD; and</u>

• no later than 45 Days after the date of termination of the Payment Supplement, upload the final accounting of the Payment Supplement into the SMART Integrated Portal (SIP).

*(b)* **Deed-in-Lieu of Foreclosure, Foreclosure Sales, and CWCOT**

In addition to the requirements for <u>DIL</u> (III.A.2.l.iii), <u>Foreclosures</u>(III.A.2.t), and <u>CWCOT</u> (III.A.2.r), the Mortgagee must:
• terminate the Payment Supplement when the sale is completed or the deed is transferred;

• ensure that no funds remaining in the Payment Supplement Account are returned to the Borrower;

• ensure that the funds remaining in the Payment Supplement Account are not used as a credit to the first Mortgage; and

• no later than 30 Days after the date the sale is completed or the deed is transferred, remit all remaining funds in the Payment Supplement Account <u>to HUD</u> via Pay.gov - Single Family Notes Lender Entry Form; and

• no later than 45 Days after the date the sale is completed or the deed is transferred, upload the final accounting of the Payment Supplement into SIP.

**(k) Completion or Termination of the Payment Supplement**

A Payment Supplement is completed or terminated upon the earlier of:
• the end date of the Payment Supplement Period;

• the application of 36 MoPRs; or

• early termination of the Payment Supplement.

No later than 30 Days after the date of the completion or termination of the Payment Supplement, the Mortgagee must remit any funds remaining in the Payment Supplement Account to HUD via Pay.gov - Single Family Notes Lender Entry Form.

*(i) Early Termination of the Payment Supplement*

*(a) Voluntary Termination Request*

The Mortgagee must terminate the Payment Supplement upon Borrower request if the Borrower signs a document affirming they can resume their full monthly Mortgage Payment without the MoPR and that they no longer wish to receive the MoPR.

The Mortgagee must send the Borrower documentation that the Payment Supplement has been terminated and a detailed account of how the Payment Supplement funds were applied.

 **16**  *(b) Loss Mitigation Home Retention Action Completed*

The Mortgagee must terminate the Payment Supplement when any subsequent loss mitigation home retention option is executed by all required parties, except for a COVID-19 Recovery Standalone Partial Claim.

*(c) PFS, DIL, Foreclosure, and CWCOT*

The Mortgagee must terminate the Payment Supplement upon receipt of an executed ATP for PFS or when the foreclosure sale, CWCOT sale, or transfer of deed is completed.

*(d) Transfers and Assumptions*

The Payment Supplement is non-transferrable and not assignable to a new Borrower. Upon approval by the Mortgagee of the transfer or assumption, or when the Mortgagee receives actual or constructive knowledge of the transfer of ownership, the Mortgagee must terminate the Payment Supplement.

*(e)Sale (non-PFS) or Refinance*

If the Property is being sold or the Mortgage is being refinanced, the Mortgagee must:
• provide the Payment Supplement Payoff Statement upon request; and

• terminate the Payment Supplement upon completion of the sale or refinance.

*(ii) Final Accounting of Payment Supplement*

No later than 45 Days after the date of completion or termination of the Payment Supplement, the Mortgagee must:

• upload a final accounting of the Payment Supplement in the SMART Integrated Portal (SIP); and

• input the amount of any funds remitted to HUD.

The Mortgage is not permitted to submit the final accounting until after remitting to HUD all remaining funds from the Payment Supplement Account, if any.

The final accounting of the Payment Supplement is a document uploaded in SIP that must include:
• the amount that was used to bring the Mortgage current at the start of the Payment Supplement Period;

• the total amount applied to MoPR payments; and

• the amount of individual MoPR payments and the months for which they were applied.

The Mortgagee must also input in SIP the amount of funds, if any, that have been remitted to HUD via Pay.gov - Single Family Notes Lender Entry Form in SIP.

### *(iii)* Payment Supplement Payoff Statement

The Mortgagee must issue Payment Supplement payoff statements until the final accounting of the Payment Supplement has been submitted to HUD. The Mortgagee must issue Payment Supplement payoff statements upon request and when the Mortgagee receives a payoff request for the Borrower's first Mortgage.

The Mortgagee must include in a Payment Supplement payoff statement, at a minimum:
• the total amount due for the Payment Supplement, including itemizing:
the amount that was used to bring the Mortgage current at the start of the Payment Supplement Period; and

the total amount applied to MoPR payments;

• a statement that the Payment Supplement is a subordinate lien in the name of the Secretary of HUD;

• instructions that the payoff of funds owed under the Payment Supplement must be remitted to HUD via Pay.gov;

 **\*17**  • a statement that the payoff amount will change if additional account activity occurs including:
any payment made that triggers the application of a MoPR; and

returned payments due to a stop payment or insufficient funds; and

• anything required by applicable laws.

The Payment Supplement payoff statement must not include or reflect as a credit any remaining funds in the Payment Supplement Account.

The Payment Supplement payoff statement must not include the balance of any additional outstanding Partial Claims.

If HUD receives a request for a payoff statement of the Payment Supplement prior to receipt of the final accounting from the Mortgagee, HUD will provide the maximum amount available under the Payment Supplement and direct the requestor to contact the Mortgagee for the actual amount required to pay off the Payment Supplement.

After completion or termination of the Payment Supplement and submission of the final accounting from the Mortgagee, the Mortgagee must not issue any payoff statements for the Payment Supplement.

*(iv)* **Required Documentation**

The Mortgagee must retain a copy of the final accounting and, if applicable, the Payment Supplement Payoff Statement in the Servicing File.

**(l) Errors or Miscalculations of Funds Associated with Payment Supplement**

If the Mortgagee makes an error or miscalculates the Payment Supplement that results in:
• a claim overpayment to the Mortgagee, the Mortgagee must remit the overpaid amount immediately <u>to HUD</u> via Pay.gov - Single Family Notes Lender Entry Form; or

• a claim underpayment to the Mortgagee, the Mortgagee must absorb the cost of the error or miscalculation.

If the Mortgagee makes an error or miscalculates the amount of funds remitted to HUD at the completion or termination of the Payment Supplement resulting in the Mortgagee remitting less than the total remaining funds in the Payment Supplement Account to HUD, the Mortgagee must remit any remaining outstanding funds in the Payment Supplement Account immediately to HUD via Pay.gov - Single Family Notes Lender Entry Form.

The Mortgagee must include its review process for ensuring the accurate calculation of Payment Supplement in its QC Plan.

**(m) Reporting to HUD**

The Mortgagee must report the use of a Payment Supplement in SFDMS, using Delinquency/Default Status (DDS) Code 51 - Payment Supplement Started.
• While the Borrower remains in the Payment Supplement Period, the Mortgagee must continue to report DDS Code 51 with the applicable oldest unpaid installment date, including every month the Borrower makes their required payment under the Payment Supplement. If occupancy is not required to be determined, the Mortgagee must report Occupancy Status Code 7 - Occupancy Determination Not Required.

• The Mortgagee must not report DDS Code 20 or 98 if the Payment Supplement is still in effect for the duration of the Payment Supplement Period.

 **\*18** For Borrowers utilizing the Payment Supplement where another delinquent Status Code also applies, the Mortgagee must report DDS Code 51 first followed by any other applicable DDS Codes.

After the completion or termination of the Payment Supplement Period, the Mortgagee must report:
• DDS Code 98 if the Mortgage is current; or

• the applicable code if the Mortgage is not current.

*(i)* **Borrower Resumes Payment After Payment Supplement Period**

If the Borrower resumes their monthly Mortgage Payment following the Payment Supplement Period or the Borrower requests to terminate the Payment Supplement and affirms they can resume their full monthly Mortgage Payment, the Mortgagee must report DDS Code 98.

*(ii)* **Subsequent Default**

For every month the Borrower does not make their required payment under the Payment Supplement, the Mortgagee must report DDS Code 51 with the applicable oldest unpaid installment date indicating that the Mortgage is past due. The Mortgagee must report the applicable Occupancy Status Code and Occupancy Status Date based on the most recent occupancy determination.

If the Borrower does not make their required payment under the Payment Supplement and then reinstates their Mortgage without the use of a loss mitigation option, the Mortgagee must continue to report DDS Code 51 with the applicable oldest unpaid installment date. The Mortgagee must not report DDS Code 20 or 98 as long as the Payment Supplement is still in effect.

*(a)* **Forbearance Plan during Payment Supplement Period**

If the Borrower begins a forbearance plan during the Payment Supplement Period, the Mortgagee must:
• report the appropriate DDS Code for the loss mitigation option utilized; and

• continue to report DDS Code 51 with the applicable oldest unpaid installment date until new executed loss mitigation documents are received.

*(b)* **COVID-19 Recovery Standalone Partial Claim after Subsequent Default**

If the Borrower does not make their required payment under the Payment Supplement and then reinstates their Mortgage with the use of a COVID-19 Recovery Standalone Partial Claim, the Mortgagee must:
• report the appropriate DDS Code for the standalone Partial Claim utilized;

• continue to report DDS Code 51 with the applicable oldest unpaid installment date; and

• not report DDS Code 20 or 98 as long as the Payment Supplement is still in effect.

*(c)* **Other Loss Mitigation Options after Subsequent Default**

If the Borrower does not make their required payment under the Payment Supplement and then reinstates their Mortgage with the use of other loss mitigation options, the Mortgagee must:
• report the appropriate DDS Code for the loss mitigation option utilized;

• continue to report DDS Code 51 with the applicable oldest unpaid installment date until new executed loss mitigation documents are received; and

• report DDS Code 98 upon reinstatement and stop reporting DDS Code 51.

**\*19**  *(d)* **Option Failure**

If the Borrower does not sign and return the Payment Supplement Documents or does not make their required payment under the Payment Supplement and cannot reinstate their Mortgage with or without the use of loss mitigation, the Mortgagee must report DDS Code AQ - Option Failure with the applicable Occupancy Status Code and applicable Occupancy Status Date.

*(iii)* **Sale, Refinance, or Other Mortgage Termination**

If the Borrower sells the Property, refinances the Mortgage, or otherwise pays the Mortgage in full before the end of the Payment Supplement Period, the Mortgagee must report DDS Code 13.

*(iv)* **Assumption**

If the Mortgage is assumed before the end of the Payment Supplement Period, the Mortgagee must report DDS Code 21.

*(v)* **Bankruptcy**

If the Borrower is in bankruptcy and continues to make their required payment under the Payment Supplement, the Mortgagee is not required to report bankruptcy.

**FHA Single Family Housing Policy Handbook 4000.1**

**Claims and Disposition**

**Claim Types (IV.A.2)**

**l. Claim Type 33 - Payment Supplement**

The Mortgagee may file a claim for a Payment Supplement incentive and insurance benefits under Claim Type 33 - Payment Supplement after the Mortgage is brought current. The Mortgagee may include in its claim the amounts needed to bring the Mortgage current in the same manner as a COVID-19 Recovery Standalone Partial Claim, as described in the second bullet of Terms (III.A.2.o.iii(C)(1)(a)), in addition to the funds needed for the Monthly Principal Reduction (MoPR) payments required for the Payment Supplement Period.

HUD will pay the Mortgagee a one-time financial incentive of $1,750 for the use of a Payment Supplement in compliance with Mortgagee Incentivesfor COVID-19 Recovery Options and all regulatory requirements and procedures relating to the submission of incentive claims.

HUD must receive a correct and complete claim submission of Parts A and B via FHAC or FHA Catalyst no later than 60 Days after the execution date of the Payment Supplement Documents.

**Paperwork Reduction Act**

The information collection requirements contained in this document havebeen approved by the Office of Management and Budget (OMB) under the Paperwork Reduction Act (PRA) of 1995 (44 U.S.C. 3501-3520) and assigned OMB control numbers 2502-0005; 2502-0059; 2502-0117; 2502-0189; 2502-0302; 2502-0306; 2502-0322; 2502-0358; 2502-0404; 2502-0414;

2502-0429; 2502-0494; 2502-0496; 2502-0525; 2502-0527; 2502-0538; 2502-0540; 2502-0556; 2502-0561; 2502-0566; 2502-0570; 2502-0583; 2502-0584; 2502-0589; 2502-0600; 2502-0610, and 2502-0611. In accordance with the PRA, HUD may not conduct or sponsor, and a person is not required to respond to, a collection of information unless the collection displays a currently valid OMB control number.

### Feedback or Questions

HUD welcomes feedback from interested parties and will consider feedback in determining the need for future updates. Any feedback or questions regarding this ML may be directed to the FHA Resource Center at 1-800- CALLFHA (1-800-225-5342)answers@hud.gov or www.hud.gov/answers. The FHA Resource Center is prepared to accept calls from persons who are deaf or hard of hearing, as well as individuals with speech or communication disabilities. Information on how to make an accessible phone call is available at https://www.fcc.gov/consumers/guides/telecommunications-relay-service-trs.

### Signature

**20** Julia R. Gordon
Assistant Secretary for Housing - FHA Commissioner

### Mortgagee Letter 2024-02 (HUDML), 2024 WL 734495

---

End of Document     © 2025 Thomson Reuters. No claim to original U.S. Government Works.